Desiree McGuire and Cadence DeVault
4625 Shade Tree Way
Antelope, California 95843
Telephone: (916) 224-7528
Email: desireemc@rocketmail.com

In Pro Se



**FILED**

MAY 0 2 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE McGUIRE; et al.,

Plaintiffs,

v.

ROSEVILLE JOINT UNION HIGH
SCHOOL DISTRICT, et al. and DOES 1
through 50, inclusive,

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 2:22-cv-000125-TLN-JDP

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS (ECF No. 6, 7)**

(*Federal Rule Civil Procedure §6(b)*)

Date: May 19, 2022
Time: 10:00 a.m.
Ctrm: 9
Judge: Honorable Jeremy D. Peterson

Action Filed: Jan. 20, 2022
Judge: Honorable Troy L. Nunley

## PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS

## A. INTRODUCTION

1. The Plaintiffs are Desiree McGuire and Cadence DeVault (C.D.); *the* Defendant' is
   Roseville Joint Union High School District, et. al.

2. Plaintiffs sued the defendant for: Multiple Statutory, and Constitutional Civil Rights
   Violations.

- 1 -

1 3. On January 20, 2022, Plaintiff filed a Complaint. (ECF, 1)

2 4. On February 17, 2022, Defendants filed a Motion to Dismiss with a Motion Hearing set

3  for April 7, 2022. (ECF, 6)

4 5. On February 18, 2022, Defendants filed a Notice of Errata. (ECF, 7)

5 6. On March 17, 2022, the Plaintiff attempted to meet and confer with Defendants' attorney

6  Sloan Robert Simmons (#233752) regarding the need for an extension of time which was

7  declined.

8 7. On March 18, 2022, Plaintiffs filed a Motion for Extension of Time to File a response to

9  Defendants' Motion to Dismiss. (ECF, 10)

10 8. On March 21, 2022, Court granted Plaintiffs' Motion for Extension of Time to File a

11  response to Defendants' Motion to Dismiss and the Hearing for Defendants' Motion to

12  Dismiss Hearing was reset for May 19, 2022. (ECF, 11)

13 9. On April 28, 2022, Plaintiffs attempted to meet and confer with Defendants' attorney

14  Sloan Robert Simmons (#233752) regarding the need for a second extension of time

15  which was declined.

16 10. On April 29, 2022, Plaintiffs filed a second Motion for Extension of Time to file a

17  response to Defendants' Motion to Dismiss.

18 11. Plaintiffs are awaiting the Court's Decision on Plaintiffs' Motion for Extension of Time

19  to file a response to Defendants' Motion to Dismiss.

20

21        **B. ARGUMENT**

22 *In a Rule 12(b)(6) motion to dismiss, **a court must presume all factual allegations of the***

23 ***complaint to be true** and draw all reasonable inferences in favor of the non-moving party.*
*Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991) (Hall v. South Beach Skin Care,*

24 *Inc. (C.D. Cal., Apr. 2, 2014, No. CV 13-8905 RSWL PJWX) 2014 WL 1330311, at \*1)*
*[Emphasis added]*

25 *However, **a party is not required to state the legal basis for its claim, only the facts***

26 ***underlying it**. McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990). In a*
*Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the*

27 *complaint to be true and draw all reasonable inferences in favor of the non-moving party.*
*Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991). (Hall v. South Beach Skin Care,*

28 *Inc. (C.D. Cal., Apr. 2, 2014, No. CV 13-8905 RSWL PJWX) 2014 WL 1330311, at \*1)*

*When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint **in the light most favorable to the plaintiff**. Barker v. Riverside Cty. Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009); see Bell Ad. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).*

*The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. Swierkiewica v. Sorema N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (Hall v. South Beach Skin Care, Inc. (C.D. Cal., Apr. 2, 2014, No. CV 13-8905 RSWL PJWX) 2014 WL 1330311, at \*2)*

*If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).*

*"The Constitution is to be interpreted according to Common Law Rules." -- Schick vs. U.S., 195 US 65, 24 Sup. Ct. 826, 49 L. Ed. 99*

*BILLINGS V HALL, RIGHTS CAN NOT BE ABROGATED*

*The right to regulate the mode of redressing injuries belongs to the Legislature; but when, under the semblance of a change of the remedy, a substantial existing right is defeated, impaired, or abridged, the act is null and void. (Billings v. Hall, 7 Cal. 1, 1857 WL 637 (Cal.) Supreme Court of California. January Term, 1857)*

*A statutory privilege cannot override a defendant's [claimant's] constitutional right. People v. Reber, (1986) 177 Cal.App.3d. 523 [223 Cal.Rptr. 139]; Vela v. Superior Ct, 208 Cal.App.3d. 141 [255 Cal.Rptr. 921], however, "the judiciary has a solemn obligation to ensure that the constitutional right of an accused to a fair trial is realized. If that right would be thwarted by enforcement of a statute, the state...must yield." Vela v. Superior Ct., 208 Cal.App.3d. 141 [255 Cal.Rptr. 921*

| Defendants' Mot. To Dismiss | Plaintiffs' Reply |
|---|---|
| **STATEMENT OF FACTS:** Page 10, lines 17-22: The following sets forth those facts in the Complaint and Defendants' supporting Request for Judicial Notice as is relevant to the Defendants' Motion to Dismiss.<br><br>On January 14, 2021, the California Department of Public Health ("CDPH") issued its updated COVID-19 and Reopening In-Person Instruction Framework & Public Health Guidance for K-12 Schools in California, 2020-2021 School Year ("Guidance"). Request for Jud. Not. in Supp. of Mot., to Dismiss ("RJN") Ex. B. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** The validity, or lawfulness of the "Guidance" is a question of <u>fact</u> and law. It is merely the Defendants' Counsel's opinion or conclusion that this applies to the Plaintiffs. Whether or not the plaintiffs are subject to or exempt from this de facto rule depends on multiple facts to be determined by a Jury.<br><br>The Supreme Court has warned, *"[B]ecause of what appears to be Lawful commands [Statutory Rules, Regulations and -codes–ordinances- and Restrictions] on the surface, many citizens, because of their respect for what appears to be law, are cunningly coerced into waiving their* |

| | |
|---|---|
| | rights, due to ignorance… *[deceptive practices, constructive fraud, barratry, legal plunder, conversion, and malicious prosecution in inferior administrative State courts].*" **United States v. Minker**, 350 U.S. 179, 187, 76 S. Ct. 281, 100 L. Ed. 185 (1956) |
| | All codes, rules, and regulations are for government authorities only, not human/Creators in accord with God's Laws. "*All codes, rules, and regulations are unconstitutional and lacking due process of Law..*" **Rodriques v. Ray Donavan, U.S. Department of Labor**, 769 F.2d 1344, 1348 (1985) |
| | "*The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law."* **Self v. Rhay**, 61 Wn 2d 261, They are the law of government for internal regulation, not the law of man, in his separate but equal station and natural state, a sovereign foreign with respect to government generally. |
| Page 10, Line 22-23: The Guidance provided that students in all school grade levels K-12 are required to wear face coverings at all times, while at school, unless exempted. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion, or Conclusion.** The validity, or lawfulness of the "Guidance" is a question of <u>fact for the Jury</u> before the law can be applied. This is merely an opinion or conclusion drafted by Defendant's Counsel as instructed by an unknown person on behalf of the school board.<br><br>"*A disputed question of fact so not proper grounds for dismissal.*" **Hall v. South Beach Skin Care, Inc.** (*supra*) |
| Page 10, Line 23-25: A student with a medical condition confirmed by a school district health team is exempted from wearing a mask but must wear a non-restrictive alternative, such as a face shield with a drape. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Defendants' Counsel is attempting to testify, presuming facts that are not in evidence. This is merely Counsel's conclusion this is the only remedy. |

| | A statutory privilege cannot override a defendant's [claimant's] constitutional right. *People v. Reber,* (*supra*) however, "*the judiciary has a solemn obligation to ensure that the constitutional right of an accused to a fair trial is realized. If that right would be thwarted by enforcement of a statute, the state...must yield*" *Vela v. Superior Ct.*(*supra*) |
|---|---|
| Pages 10, Line 25-Page 11, Line 2: In order to comply with the Guidance, ... [a]nd refused to wear one provided by the school | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion and Conclusion.** Defendants' Counsel is attempting to testify presuming facts that are not in evidence.<br><br>"*A disputed question of fact so not proper grounds for dismissal.*" *Hall v. South Beach Skin Care, Inc.,* 830 F.Supp.2d 785, 805-806 (N.D.Cal.2011) |
| Page 11, Line 2-4: Moreover, the Guidance provides that schools should offer alternative educational opportunities for students who are excluded from campus because they will not wear a face covering. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusion.** Defendants' Counsel is attempting to testify. Whether or not the Plaintiff wore a face covering at all times, is a question for the jury. |
| Page 11, Lines 7-8: Dr. Gayle informed C.D. and McGuire that C.D. had to wear a proper mask. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinions or Conclusion.** Defendants' Counsel is attempting to testify. What is the definition of a proper mask? This is a fact for the jury to determine. |
| Page 11, Line 12-13: On January 20, 2021 at approximately 9:00 a.m., Dr. Gayle escorted C.D. out of her class because she was not wearing a proper mask compliant with the CDPH Guidance. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Vague and Ambiguous.** Defendants' Counsel is attempting to testify. CDPH guidance does not define what a proper mask is. It's vague and lacking clarity. These are also facts for a Jury. |
| Page 11, Line 20-21: Dr. Gayle thereafter called McGuire to inform her that Cadence would be removed from school because she was not and would not wear a proper mask. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinions or Conclusions.** Defendants' Counsel is attempting to testify regarding facts not in the record. This is not stated in the record and is a question of fact for the jury. |
| Page 11, Line 21-22: McGuire attempted to argue with Dr. Gayle about the mask requirement, | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinions or Conclusions.** Trying to find a resolution |

| | |
|---|---|
| | for her child being able to breathe and attend school in-person should not be referred to as arguing. The Defendants' Counsel's statement shows a blatant disregard for a parent's concern by Dr. Gayle for their child's safety. It also supports that there was poor and inadequate training by Dr. Gayle's superiors, the Board, when interacting with parents. |
| **GOVERNING LAW** Page 12, Lines 1-9: A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint filed in federal court. In other words, such a motion requires a determination of whether Plaintiffs have stated a cognizable legal theory; and whether facts alleged in the Complaint, if proven, would or could support a cognizable claim for relief. "'While legal conclusions can provide the framework of a complaint,' neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth." | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions or Conclusion** This is merely the Defendants' Counsel's opinion or conclusion. Plaintiffs have a right to be heard on the merits before the particular law can be applied. In a Rule 12(b)(6) motion to dismiss, *__a court must presume all factual allegations of the complaint to be true__* and draw all reasonable inferences in favor of the non-moving party. *__Klarfeld v. United States__*, (*supra*) *__Hall v. South Beach Skin Care, Inc.__* (*supra*) However, a party is not required to state the legal basis for its claim, only the facts underlying it. *__McCalden v. Cal. Library Ass'n__*, (*supra*). When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *__Barker v. Riverside Cty. Office of Educ.__*, *__Bell Ad. Corp. v. Twombly__*, (*supra*). |
| **ARGUMENT I. THE COMPLAINT'S SIXTH, TENTH, AND ELEVENTH CAUSES OF ACTION ARE SUBJECT TO DISMISSAL AS TO THE DISTRICT, BOARD, AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES.** | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Immunity or Qualified Immunity or no Immunity depends on particular facts that are not in evidence. |

| Page 13, Line 9-15: The Eleventh Amendment to the United States Constitution restrains suits against the state and its officials in federal court: …[I]t is black letter law that the District and Board are arms of the State of California entitled to immunity under the Eleventh Amendment | Plaintiffs have a right to be heard on the merits before the particular law can be applied.<br><br>Qualified immunity protects public officials from suit unless their conduct violates a clearly established constitutional rights." ***Mace v. City of Palestine***, 333 F.3d 621, 623 (5th Cir.2003). Substantive right to "personal security and reasonably safe living conditions" includes the right to be free from severe psychological abuse and emotional trauma—both of which are often inextricably related to some form of physical mistreatment or deprivation. *See* ***DeShaney v Winnebago County***, 489 U.S. at 200; ***Youngberg***, 457 U.S. at 317.<br><br>"US Supreme Court held that state officials acting by "color of law" may be held personally liable for the injuries or torts they cause and that official or sovereign immunity may not be asserted."; ***Scheuer v. Rhodes***, 416 US 232 (1974), 94 S. Ct. 1683, 1687 (1974), "When a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."; ***Warnock v Pecos County, Texas***, 116 F. 3d 776 – No.96-50869 Summary Calendar. July 3, 1997. "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, …[s]hall be fined under this title or imprisoned not more than one year, or both;"18 USC § 242 |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS          2:22-CV-000125-TLN-JDP

| | Violating Rights under Color of Law [Emphasis added] |
|---|---|
| Page 13, Line 17-20: [S]uits against District administrators and employees in their official capacities are identical to suits against the District and Board, respectively, and therefore federal suits for damages against such individuals in their official capacities are also barred by the Eleventh Amendment. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Whether or not the Defendants had complete immunity, qualified immunity, or no immunity, or whether or not they acted within their official capacity or in excess of their delegated authority is a fact question to be determined by the jury before the law could be applied. Plaintiffs have a right to be heard on the merits before the particular law can be applied.<br><br>Further, **_Federal Sign v Texas S. Univ_** 951 S.W. 2d 401, 404 (Tex 1997) *found* "A private litigant does not need legislative permission to sue the State for a State official's violations of state law." |
| Page 13, Line 23-26: As such, the Sixth, Tenth and Eleventh causes of action for damages under federal law against the District, the Board, and/or the Individual Defendants in their official capacities are barred by Eleventh Amendment and should be dismissed. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Whether or not the Defendants had complete immunity, qualified immunity, or no immunity, or whether or not they acted within their official capacity or in excess of their delegated authority is a fact question to be determined by the jury before the law could be applied. Plaintiffs have a right to be heard on the merits before the particular law can be applied.<br><br>Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. **_Harlow v. Fitzgerald_**, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); **_Wallace v. County of Comal_**, 400 F.3d 284, 289 (5th Cir.2005). In performing the qualified immunity analysis, the first question we must ask is whether, taken in the light most favorable to the Plaintiffs, the facts alleged show that the officer's conduct violated a constitutional right. **_Saucier v. Katz_**, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d |

| | |
|---|---|
| | 272 (2001); *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir.2002). If no constitutional right would have been violated were the allegations established, the inquiry ends. *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. If, however, the Plaintiffs allege the violation of a constitutional right, we must then determine whether the right was clearly established at the time of the incident at issue. *Id.*; *Aucoin*, 306 F.3d at 272. A right is clearly established when its contours are "'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir.2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Finally, if the law was clearly established, we must decide whether the defendant's conduct was objectively reasonable. *Aucoin*, 306 F.3d at 272; *see also Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. |
| **ARGUMENT II. THE SIXTH CAUSE OF ACTION IS SUBJECT TO DISMISSAL ON SEVERAL GROUNDS, INCLUDING THAT IT IS DUPLICATIVE OF OTHER CLAIMS.**<br><br>Page 14, Lines 1-14:<br>The Sixth cause of action alleges violation of due process and cites to an excerpt seemingly referencing the United States Constitution's Fourteenth Amendment. Compl. at p. 30[3]<br><br>First, Plaintiffs do not plead this cause of action through the vehicle of § 1983, and on that basis alone is subject to dismissal. See *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); *Ciurar v. California*, Case No. No. 2:20-cv-2089 JAM DB PS, 2021 WL 4951725. *3 (E.D. Cal. Oct. 25, 2021).<br><br>This point aside, to the extent this cause of action is for the alleged violation of Plaintiffs' federal constitutional due process rights, the Tenth and Eleventh causes of | **COMMENT:** The Plaintiff's recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended the complaint to clarify.<br><br>Further, Plaintiff's reserve the right to further amend according to proof after discovery is closed. |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS          2:22-CV-000125-TLN-JDP

| | |
|---|---|
| action also allege such theories, thus making this cause of action subject to dismissal as duplicative and unnecessary, whether under Rule 12(b)(6) or Rule 12(f). See *Houston Casualty Co. v. Crum & Forster Ins. Co.*, Case No. 1:16-cv-535-LJO-EPG, 2016 WL 4494444, *4 (E.D. Cal. Aug. 25, 2016); see also *Reed v. The Arkansas*, 88 F.Supp. 993, 993 (S.D. Cal. 1950). | |
| **ARGUMENT III. THE TENTH AND ELEVENTH CAUSES OF ACTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.** Page 14, Line 17-18: First, to the extent the Tenth cause of action relies upon the Fifth Amendment, it does not apply to Defendants. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Plaintiffs have a right to be heard on the merits before the particular law can be applied. On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See, e. g., *__Monroe v. Pape__, 365 U.S. 167 (1961)*. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation, *__Polk County v. Dodson__, 454 U.S. 312, 326 (1981) (quoting __Monell__, 436 U.S. (1978), at 694);* thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. |
| Page 14, Line 20-22: Second, "[t]o obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** (1) the liberty to breathe and not be suffocated is protected by the Constitution; (2) the government/Defendants deprived Cadence of her ability to breathe by forcefully and coercing her to cover her nose and mouth and ignoring her assertions of such; and (3) there was a lack of process not only in the Defendants' implementation of the mask mandate. |
| Page 14, Line 23-25: And for a substantive due process claim, a plaintiff must show "both a deprivation of her liberty and conscience shocking behavior by the government." | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify. |

| | Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
|---|---|
| Page 15, Line 1-2: At the time of the events alleged in the Complaint, the CDPH required all students lacking a valid medical exemption to where proper masking while in school. RJN, Ex. B at 16-17; see generally RJN, Ex. B. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusion.** Counsel is attempting to testify the facts that are not in evidence. |
| Page 15, Line 3-4: The Complaint admits that C.D. refused to comply with that requirement, and that she believed she should be able to wear any mask she liked. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusion.** Counsel is attempting to testify the facts that are not in evidence. |
| Page 15, Line 4-6: The Complaint confirms that C.D. was given the opportunity to come into compliance with the mask requirement voluntarily, and that when she continued to refuse to do so. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusion.** Counsel is attempting to testify the facts that are not in evidence. |
| Page 15, Line 6-7: "[s]he was permitted an opportunity to explain in writing the reasons for her non-compliance. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusion.** Counsel is attempting to testify the facts that are not in evidence. Cadence was not permitted, she was demanded to fill out a sheet of paper, as a minor, when never being informed of the significance of the document as well as being denied the opportunity, by DeLorge, to receive counsel from her mother before filling it out. |
| Page 15, Line 3-10: Additionally, while C.D.'s ongoing mask non-compliance required her to shift to distance learning as opposed to on-campus, in-person instruction, she was not disciplined in any way. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusion.** Counsel is attempting to testify. There are no facts in evidence that can prove distance learning is EQUAL to in-person learning when it's stated in hearsay Exhibits provided by Defendants of the increased negative mental and emotional impact on students due to isolation and stay-at-home-orders. |
| Page 15, Line 11-12: Because there is no fundamental right not to wear a mask to school or for a parent to preclude their child from doing so. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** The argument is not about the fundamental right to not wear a mask. There _**IS**_ a fundamental right to breathe. Counsel is attempting to testify to facts that are not in evidence. |

| | |
|---|---|
| Page 15, Line 12-13: —and there is no other plausible alleged fundamental right at issue in the Complaint. | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| Page 16, Line 4-7: Plaintiffs have no fundamental right to non-compliance with a state public health mandate on COVID-19 school masking, a mandate for which there is a rational basis (see RJN, Ex. B) | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinion or Conclusion.** Counsel is attempting to testify to facts that are not in evidence. It's disputed facts if the mask is effective, safe, and necessary. Contrary to Defendants' Counsel, erroneous opinion, Cadence did have rights!<br><br>"The seizure of presumably innocent citizens is an affront to a series of rights that an individual possesses because he is a citizen of this State and the United States. These rights are the right to be let alone, the right to privacy, and the right to travel. Justice Brandeis, articulating the right to be let alone, wrote that: The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. They recognized the significance of man's spiritual nature, of his feelings and of his intellect. They knew that only a part of the pain, pleasure and satisfactions of life are to be found in material things. They sought to protect Americans in their beliefs, their thoughts, their emotions and their sensations. They conferred, as against the government, the right to be let alone—the most comprehensive of rights and the rights most valued by civilized men. *Olmstead v. United States*, 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (1928) (Brandeis, J. dissenting). More recently, the United States Supreme Court has reiterated this proposition when it commented, "The guarantees of the Fourth Amendment stand 'as a protection of ... values reflecting the concern of our society for the right of each individual to be let |

alone.' [citation omitted]" ***Schneckloth v. Bustamonte***, 412 U.S. 218, 242, 93 S.Ct. 2041, 2055–56, 36 L.Ed.2d 854 (1973). It is not an immutable right that an individual is to be let alone at all times, but rather, it expresses a general proposition that each individual in a civilized society has the right to expect that the government will not interfere with his existence unless they have a **compelling need** to protect either him or other persons from some pervasive harm. Correlative to the **right to be let alone is the right to privacy**. Justice Douglas observed: [S]pecific guarantees in the Bill of Rights have penumbras, formed from emanations from those guarantees that help give them life and substance. [citations omitted] Various guarantees create zones of privacy. The right of association contained in the penumbra of the First Amendment... The Third Amendment in its prohibition against the quartering of soldiers ['in any house'] ... without the consent of the owner... The Fourth Amendment explicitly affirms the 'right of the people [to be free] against unreasonable searches and seizures.' The Fifth Amendment in its Self–Incrimination Clause enables the citizen to create a zone of privacy which government may not force him to surrender to his detriment. The Ninth Amendment provides: 'The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.' ***Griswold v. State of Connecticut***, 381 U.S. 479, 484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965). The right to privacy, premised on numerous amendments to the Bill of Rights, joined with the right to be let alone recognizes the importance we as a nation of free people have attached to the right to be permitted to go about our business unfettered by the ever watchful government. ***Higbie v. State*** (Tex. Crim. App. 1989) 780 S.W.2d 228, 232 overruled by ***King v. State*** (Tex. Crim. App. 1990) 800 S.W.2d 528

| | |
|---|---|
| Page 16, Line 6: [A]nd C.D. otherwise received an opportunity to be heard. | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusions.** Counsel is attempting to testify to facts that are not in evidence. Plaintiffs call for an offer of proof to this statement. |
| Page 16, Line 12-17: Lastly, in terms of the Individual Defendants, the entitlement to dismissal of these claims is solidified once the Court accounts for the actual allegations in the Complaint purportedly relevant to the Sixth, Tenth and Eleventh Claims, which involve only limited, procedurally common steps by Dr. Gayle when addressing student conduct and then enforcement of the CDPH Guidance and mask requirement, and an administrative step taken by Dr. Gayle's assistant in the office when C.D. was providing her written statement | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| **ARGUMENT IV. ASSUMING THE SIXTH, TENTH AND ELEVENTH CAUSES OF ACTION ARE ASSERTED AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR PERSONAL CAPACITIES, THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.** <br> Page 17, Lines 7-9: "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** "Generally" doesn't mean every case and more specifically, this case. Counsel is attempting to testify to facts that are not in evidence and misstating the law. This statement is conclusionary without factual foundation. The Defendants' claim of immunity is dependent on the facts not in evidence. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| Page 17, Lines 10-13: "[Q]ualified immunity [thus] . . . ensure[s] that defendants 'reasonably can anticipate when their conduct may give rise to liability' . . . by attaching liability only if '[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right[.]' | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** Counsel is attempting to testify to facts that are not in evidence and misstating the law. This statement is conclusionary without factual foundation. The Defendants' claim of immunity is dependent on the facts not in evidence. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| Page 17, Lines 22-24: "Whether the defendants violated a constitutional right and whether the right was clearly established at the time of the violation are questions of | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** Facts not in evidence to decide whether the defendants violated a constitutional right |

| | |
|---|---|
| law." *Sandoval*, 756 F.3d at 1160 (citing *Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003)) (emphasis added). | and whether the right was clearly established. There are no facts to support ***Serrano***. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| Page 18, Lines 10-12: (for qualified immunity not to apply "in the light of pre-existing law[,] the unlawfulness must be apparent." ); *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990) (where law unsettled, law not clearly established, qualified immunity applies) | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| Page 18, Lines 13-15: ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right . . . ."); *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989) | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| Page 19, Lines 1-3: Significantly, the plaintiff "shoulders the burden of proving that the rights he claims are 'clearly established.'" *Brewster*, 149 F.3d at 977; *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| Page 19, Lines 14-16: (2) the District's compliance with the CDPH COVID-19 school masking requirement by taking steps to enforce that requirement by moving C.D. to distance learning when she refused to comply with the requirement; | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusions.** Counsel is attempting to testify to facts that are not in evidence. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| Page 19, Lines 16-17: (3) the District bringing C.D. to the office to obtain her reasoning for non-compliance with the CDPH masking requirement; | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinion or Conclusions.** Counsel is attempting to justify the decision in taking Cadence to the office which requires facts not in evidence. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |

| | |
|---|---|
| Page 19, Lines 17-19: (4) the District holding onto C.D.'s phone during the brief period of time she was providing her written statement of reasons for mask requirement non-compliance | **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay.** Counsel is attempting to justify the decision in taking Cadence to the office and seizing her phone, without a justifiable reason, which requires facts not in evidence. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| **ARGUMENT V. THE COMPLAINT'S STATE LAW CAUSES OF ACTION ARE SUBJECT TO DISMISSAL PURSUANT TO THE ELEVENTH AMENDMENT:** Page 20 | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See, e. g., **_Monroe v. Pape_**, *365 U.S. 167 (1961)*. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "'moving force'" behind the deprivation, **_Polk County v. Dodson_**, *454 U.S. 312, 326 (1981) (quoting* **_Monell_**, *436 U.S. (1978), at 694);* thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.

Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| **ARGUMENT VI. THE STATE LAW CAUSES OF ACTION ARE SUBJECT TO DISMISSAL DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE GTCA.** Pages 20-21 | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** Plaintiffs have a right to be heard on the merits before the particular law can be applied. This is conclusionary that the State laws are subject to dismissal.

**COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.

Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed.

However, **claims** for **civil** rights violations under federal statutes are not subject to the |

| | |
|---|---|
| | Tort **Claims Act** requirements, **_NANSEN v. City of South Pasadena_**, 2014. |
| | Because a state may not impose substantive limitations on a **civil** rights **act** action, section 1983 **claims** are not subject to the procedural requirement in the **Claims Act** that a plaintiff must timely file a **claim** with a public entity as a prerequisite to later filing an action for damages against the entity, **_California Correctional Peace Officers Assn. v. Virga_**, 2010. |
| | Appellants correctly state that the **claims** provisions of the **Government** Code are inoperative to an action brought under section 1983 of the federal **Civil** Rights **Act**, 42 United States Code section 1983, **_Toscano v. County of Los Angeles_**, 1979. |
| | However, "the purposes underlying section 1983—ie, to serve as an antidote to discriminatory state laws, to protect federal rights where state law is inadequate, and to protect federal rights where state processes are available in theory but not in practice [citation]... may not be frustrated by state substantive limitations couched in procedural language, **_Bach v. County of Butte_**, 1983. |
| **ARGUMENT VII. THE STATE LAW CAUSES OF ACTION ARE SUBJECT TO DISMISSAL DUE TO FAILURE TO STATE A CLAIM AND/OR APPLICABLE STATE LAW GOVERNMENTAL IMMUNITIES.** | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify. Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| **First Cause of Action—Breach of Fiduciary Duty** Page 23: "The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." The Complaint fails to state a claim on this ground, as there lack | **OBJECTION-DISPUTED-FACTS-REMAIN:** Opinions and Conclusions. It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS             2:22-CV-000125-TLN-JDP

| | |
|---|---|
| any allegations regarding a colorable fiduciary duty or violation of such a duty. | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| **Second Cause of Action—Breach of Implied Covenant of Good Faith**<br>Page 23: This claim presupposes and hinges upon the existence of a contract, for which there is an implied covenant of good faith. The Complaint does not and cannot allege any such contract and therefore fails to state a claim. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.**<br>It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim.<br><br>**COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify.<br><br>Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| **Third Cause of Action—Constructive Fraud**<br>Page 23: To state a claim for constructive fraud, a party must allege: (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. Again, the Complaint fails to allege facts to support necessary elements of such a claim (see Compl. ¶¶ 154-84), **in particular the first and second element, and therefore must be dismissed.** (Emphasis added by Plaintiff) | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.**<br>It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied.<br><br>It is to the belief and understanding of the Plaintiffs this cause of action arises where the Defendant enjoys a position of trust with the Plaintiffs, or the Plaintiffs suffer mental weakness or similar infirmity that prevents them from understanding the nature of what they're doing. The weakness of the persons needing protection may be ignorance, inability to understand, or misplaced trust-whether or not the one benefiting is aware of the wrong. The duty each of us owes to all others arises from moral, social, domestic, and personal obligations imposed by equity in our courts. It is from this common law duty of |

fairness and the need to protect innocent people from the consequence of their own weakness that the cause of action for constructive fraud was created by our courts.

**"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."** See *United States v. Sclafani 265 F.2d 408(2d Cir.), cert. den.,360 U.S. 918, 79 S.Ct. 1436, 3L.Ed.2d 1534 (1959); c.f., Avery v. Clearly, 132U.S. 604, 10 S.Ct. 220, 33 L.Ed. 469 (1890); Atilus v. United States, 406 F.2d 694, 698 (5th Cir. 1969); American Nat'l Ins. Co., etc. v. Murray, 383 F.2d 81 (5th Cir. 1967)." United States v. Prudden, 424 F.2d 1021 (5th Cir. 1970).*

In *Stewart v. Wyoming Ranche Co., 128 U.S. 383, 388 (1888),* to wit: "Aliud est tacere, aliud celare,–a suppression of the truth may amount to a suggestion of falsehood. And if, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith is bound to disclose, this is evidence of and equivalent to a false representation, because the concealment or suppression is, in effect, a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party; and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the litigant, or his concealment or suppression of material facts not equally within the knowledge or reach of the adverse party."

In *Jensen v. Snow, 163 A. 784, 786 Sup.Jud.Ct.Maine 1933),* to wit: No principle of law is better settled than that which requires the agent in all dealings concerning the subject-matter of his agency to act with utmost good faith and loyalty and disclose all facts within his knowledge

| | |
|---|---|
| | which bear materially upon his principal's interests. The rule that withholding information, when good faith and honest dealing require that it shall be given, is as culpable as misrepresentation as to facts concerning which good faith and honest dealing require the truth to be spoken is fully applicable to the relation of principal and agent. As has been said, it is fraud to deal with a party in ignorance and leave him so. It is not necessary that the party sought to be charged should have created the false impression nor intended it. It is sufficient that he knows it and takes advantage of it. *Cummings Manufacturing Co. v. Smith*, 113 Me. 347, 351, 93 A. 968; *Barrett v. St. Ry. Co.*, 110 Me. 24, 29, 85 A. 306; *Prentiss v. Russ*, 16 Me. 30; *Lapish v. Wells*, 6 Me. (6 Greenl.) 175. |
| **Fourth Cause of Action—Conversion** Page 23-24: "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.<br>Plaintiffs' theory on this claim purports to relate to the brief holding of C.D.'s cell phone by office staff while she completed her written statement setting forth the reasons for her non-compliance with the CDPH mask requirement. This brief holding of C.D.'s phone for no more than approximately 30 minutes fails to state a claim for conversion | **OBJECTION-DISPUTED-FACTS- REMAIN: Hearsay, Opinions and Conclusions.** Counsel is attempting to testify or justify the decision in seizing Cadence's phone, without a justifiable reason, which requires facts not in evidence.<br><br>It is to the belief and understanding of the Plaintiffs that conversion takes place at the moment of unlawful possession. The violation was not just in taking Cadence's phone. The violation was the refusal to return it to Cadence when she requested it to be returned as stated in Compl. ¶¶ 187-188 so she could contact her mother for counsel before filling out a seemingly law binding document, as a minor. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |
| **Fifth Cause of Action—Duress** Page 24: Generally and historically speaking, a cause of action for "duress" is one for the recovery of money received by a defendant under the influence of duress. Nothing alleged in the Complaint is adequate to state a claim on this ground (see Compl. ¶¶ 195-222), especially where the consequences for | **OBJECTION-DISPUTED-FACTS- REMAIN: Opinions and Conclusions.** It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |

| | |
|---|---|
| C.D. were due to her non-compliance with the CDPH Guidance and school masking requirement which had the force and effect of law, which the District was obligated to implement and enforce. | The words "generally" and "historically" used by the Defendants does not disprove the Claimants right in bringing Duress as a Cause of Action against the Defendants. Defendants' conclusion that there was a failure to state a claim, "especially where the consequences for Cadence were due to her non-compliance with the CDPH Guidance and school masking requirement which had the force and effect of law, "is an opinion and conclusion from the part of the school." A disputed question of fact so not proper grounds for dismissal." *Hall v. South Beach Skin Care, Inc.* 830 F.Supp.2d 785, 805-806 (N.D.Cal.2011) |
| **Seventh Cause of Action—Extortion** Page 24: A claim for extortion generally entails establishing: (1) the defendant knew the threat was wrongful; (2) the threat included a demand for money, property or services; and (3) the plaintiff complied with the demand. Again, nothing in the Complaint (see Compl. ¶¶ 252-57) can be read to comport with the required elements for extortion, and assuming the claim is based upon the material events alleged in the complaint | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify. Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
| **Eighth Cause of Action —Infliction of Emotional Distress** Page 24-25: While this claim (see Compl.¶¶ 259-98) is not clear in terms of whether intentional or negligent infliction of emotional distress is intended, [a] cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied. It is the belief and understanding of the Plaintiffs that the gist of this cause of action is to compensate victims of conduct that inflames the sense of human decency. This cause of action may lie to award money damages to plaintiff, whether defendant intended the injury or simply acted with a reckless disregard for the consequence to others. So, although the cause includes the word "intentional," keep in mind the intention is imputed to the wrongdoer when it was reasonably |

| | |
|---|---|
| 'intended to inflict injury or engaged in with the realization that injury will result.' Here, where the Complaint alleges the District required C.D. to comply with the State's school masking requirement, insisted she prepare a written statement explaining her reasoning for non-compliance, briefly taking her phone while she completed her written statement, and requiring her to utilize the District's distance learning program unless or until she came into compliance with the mask requirement, Plaintiffs fail to state a claim for intentional infliction of emotional distress. | foreseeable that the acts of the wrongdoer would cause the injury. |
| **Ninth Cause of Action —Negligence** Page 25: "The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. Nothing in the Complaint states a claim for negligence under these circumstances (see Compl. ¶¶ 300-26); no duty of care was breached and no cognizable injury resulted to Plaintiffs. | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** It is the Defendants' Counsel's legal conclusion and attempt to testify that there is a failure to state a claim. How does Counsel know there was no cognizable injury? Plaintiffs have a right to be heard on the merits before the particular law can be applied. It is the belief and understanding of the Plaintiff that negligence is simply a failure to exercise reasonable care under the circumstances. It doesn't matter if the Defendants intended to harm the Plaintiffs. If the Defendants' acts cause harm, the Defendants are liable for injury that proximately results from their actions. It is believed by the Plaintiffs that a reasonably careful person would listen to an individual's statement of not being able to breathe. The BLM riots in the summer of 2021, while not to be believed by Plaintiffs to be a reasonable reaction, is a direct reflection of a community's response when the proclamation of, "I can't breathe" is ignored. Antelope Highschool staff unreasonably ignored verbal and written averment from Cadence about not feeling safe and not being able to breathe and supported her removal from in-person learning. |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS            2:22-CV-000125-TLN-JDP

| **Twelfth Claim—Procedural Due Process under the California Constitution and Thirteenth Claim—Substantive Due Process under the California Constitution** Page 25, Lines 23-26: As such, if the Twelfth and Thirteenth claims are for damages only, Plaintiff's fail to state a claim, and said claims are subject to dismissal Second, while doubtful in light of how pled, if the Complaint were read to seek non-monetary relief for such claims, they are still subject to dismissal for failure to state a claim. | **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first amended complaint to clarify. Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed. |
|---|---|
| **VIII. THE COMPLAINT'S FEDERAL LAW CLAIMS DISMISSED, THE REMAINING STATE LAW CLAIMS SHOULD BE DISMISSED AS WELL.** Page 26 | **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.** It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied. |

## C. CONCLUSION

Plaintiffs conclude there are multiple legal conclusions by Defendants' Counsel that are objectionable disputed facts necessary for the Jury to determine; before determining whether the opinions and conclusions as stated in Defendants' Motion to Dismiss apply.

Further, Plaintiffs also recognize the complaint may not be clear in how some of the causes are distinguished and anticipates seeking leave to amend the complaint to clarify.

Plaintiffs conclude for the forgoing reason that Defendants Motion to Dismiss should be stricken or denied and Defendants be held to answer the complaint or Plaintiff's First Amended Complaint if leave to amend is granted.


Respectfully submitted this 2nd, day of May 2022.


Desiree McGuire, Pro Se


Cadence DeVault, Pro Se

Brenda Pandos
5150 Fair Oaks Blvd Ste 101 #122
Carmichael, CA 95608
Email: saccounty@pm.me

# PROOF OF SERVICE

[Pursuant to Cal.Civ. Proc. Code § (e)]

I, the undersigned declare as follows:
I am at least 18 years old
My mailing address is (specify):

5150 Fair Oaks Blvd Ste 101 #122
Carmichael, CA 95608

My electronic service address is:

saccounty@pm.me

I served the following documents:

## 1) PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## 2) PROOF OF SERVICE

I electronically served the documents as follows:

| Name of person served: | Sloan Robert Simmons |
|---|---|
| On the behalf of: | Lozano Smith Attorneys |
| Service address: | One Capitol Mall<br>Suite 640<br>Sacramento, CA 95814 |

On (date):       05/02/2022

I certify (or declare) under penalty of perjury under the laws of the State of California that the
forgoing is true and correct. This declaration was executed at Carmichael, California

Brenda Pandos
(Name of Declarant)                    Signature