Sloan R. Simmons, SBN 233752
ssimmons@lozanosmith.com
Michelle L. Cannon, SBN 172680
mcannon@lozanosmith.com
Alyssa R. Bivins, SBN 308331
abivins@lozanosmith.com
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone:     (916) 329-7433
Facsimile:     (916) 329-9050

Attorneys for Defendants
ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT,
BOARD OF TRUSTEES OF THE RJUHSD, JOHN BECKER,
ANDREW TAGG, SCOTT E. HUBER, JULIE K. HIROTA,
PETE CONSTANT, HEIDI J. HALL, BARBARA HUBER,
MARLON GAYLE, Ed.D., and DESIRRE DELORGE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE McGUIRE, a private person; and CADENCE DeVAULT (C.D.); and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 2:22-CV-00125-TLK-JDP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**<br><br>**(Fed. R. Civ. P. 12(b), 12(f))**<br><br>Date:         May 19, 2022<br>Time:        10:00 a.m.<br>Courtroom:  9<br><br>Action Filed: Jan. 20, 2022<br>Judge:        Hon. Troy L. Nunley |

Defs.' Mem. Ps. & As. in Reply to Opp'n
to Mot. to Dismiss Compl.

McGuire, et al. v. Roseville JUHSD, et al.
Case No. 2:22-CV-00125-TLN-JDP

# INTRODUCTION

On February 17, 2022, Defendants filed a Motion to Dismiss ("Motion") each of the 13 causes of action in Plaintiffs' Complaint and the Complaint as a whole. In the alternative, the Motion seeks dismissal of certain causes of action against all or certain Defendants.

As described in the Motion, Plaintiffs are obliged "to provide the 'grounds' of [their] 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). This Court is not bound to accept as true allegations in the Complaint that are contradicted by judicially noticed facts. *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). This Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). Defendants' Motion should be granted in whole or in part "if an affirmative defense or other bar to relief is apparent from the face of the Complaint . . . ." *Kelly v. Ogata*, 120 F.Supp.2d 1244, 1247 (D. Haw. 2000) (citations omitted).

On May 2, 2022, Plaintiffs filed their Opposition to the Motion. The Opposition, however, fails to successfully refute the grounds for dismissal set forth in the Motion. In many instances there is no substantive opposition arguments raises at all as to the claims and arguments at issue; for others still, case law recited by Plaintiffs is of no application or import. The Court should thus grant Defendants' Motion in full and dismiss all claims and the Complaint with prejudice, without leave to amend.

# ARGUMENT

### I. PLAINTIFFS' "RESPONSE" TO DEFENDANTS' STATEMENT OF FACTS DOES NOT IDENTIFY ALLEGATIONS IN THE COMPLAINT OR JUDICIALLY NOTICEABLE FACTS CONTRARY TO THOSE UPON WHICH THE MOTION IS BASED.

Plaintiffs' Opposition at pages 3-6 "objects" to facts derived from their Complaint. For example, the Motion provides that Dr. Gayle informed Plaintiffs that C.D. had to wear a proper mask at school. *See* Defs.' Mem. Ps. & As, in Supp. of Mot. to Dismiss ("Mot.") at 11:7-8. This fact is derived from the Complaint at ¶ 55, Exhibit K. In response, Plaintiffs assert:

> **OBJECTION-DISPUTED-FACTS-REMAIN: Hearsay, Opinions or Conclusion.**
> Defendants' Counsel is attempting to testify. What is the definition of a proper mask? This is a fact for the jury to determine.

*See* Opp'n at 5:15-18.

This same approach is utilized by Plaintiffs for other facts set forth in the Motion and upon which the grounds for dismissal are made. This is not a matter of hearsay, opinions, or conclusion, but a reflection of the assumption that the facts alleged in the Complaint are true. Plaintiffs' misunderstanding of this concept and the procedurally inapplicable design of the "response" to the Motion's statement of facts should be disregarded by the Court.

## II. PLAINTIFFS FAIL TO SUBSTANTIVELY OPPOSE DEFENDANTS' ARGUMENTS SUPPORTING DISMISSAL FOR SEVERAL CAUSES OF ACTION AND THEREFORE CONCEDES THE MOTION ON THOSE CLAIMS.

"In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011); *see, e.g.*, *Bernardi v. Deutsche Bank Nat. Trust Co. Americas*, Case No. C–11–05453–RMW, 2013 WL 1334266, *3 n.2 (N.D. Cal. Mar. 15, 2013) ("Parmar does not oppose defendants' res judicata argument with respect to the claim for cancellation of the 2009 Substitution of Trustee. The court considers any opposition to dismissal of this claim to be waived, and GRANTS defendants' motion to dismiss this claim."); *Foster v. City of Fresno,* 392 F.Supp.2d 1140, 1147 n.7 (E.D. Cal. 2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim.").

Here, Plaintiffs do not provide a substantive response or opposition to Defendants' Motion. For example, there is no substantive opposition to dismiss the First, Second, Seventh, Twelfth, and Thirteenth Causes of Action. *See* Opp'n at 17-23. Plaintiffs only provided the following in response to the First Cause of Action:

> **OBJECTION-DISPUTED-FACTS-REMAIN: Opinions and Conclusions.**
> It is the Defendants' Counsel's legal conclusion that there is a failure to state a claim. Plaintiffs have a right to be heard on the merits before the particular law can be applied.
>
> **COMMENT:** The Plaintiffs recognize the complaint may not clearly distinguish the separate causes of action and anticipates seeking leave of the Court to file its first

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433 Fax 916-329-9050

amended complaint to clarify.  Further, Plaintiffs reserve the right to further amend according to proof after discovery is closed.

*See* Opp'n at 17-18.

Plaintiffs provided even less of a response to the Second, Seventh, Twelfth Causes of Action. *See* Opp'n at 18, 21, and 23.  Plaintiffs did not provide a response at all to the Thirteenth Cause of Action.[1]  The Court should construe the absence of such opposition as Plaintiffs' concession that the **First, Second, Seventh, Twelfth, and Thirteenth Causes of Action must be dismissed with prejudice**.  *See, e.g.*, *Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F.Supp.3d 583, 587 (D. Minn. 2014) ("Because Zimmerschied has made no argument in opposition to Chase's motion with respect to these claims, the Court will grant the motion and dismiss these six claims with prejudice.").

There are other areas in Plaintiffs' Opposition where a substantive response is also lacking, which are discussed more fully below.

### III. THE COURT SHOULD DISMISS PLAINTIFFS' SIXTH, TENTH, AND ELEVENTH FEDERAL CIVIL RIGHTS CAUSES OF ACTION.

Even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *See Ivey v. Bd. of Regents of U. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.  *Id*.  For these reasons, and those explained in the Motion, the Opposition fails to avert dismissal of the Sixth, Tenth, and Eleventh Causes of Action.

#### A. Plaintiffs' Opposition Forfeits Challenge to Dismissal of the Sixth Cause of Action.

Plaintiffs' Sixth Cause of Action is a vague and duplicative allegation of violation of "due process."  *See* Mot. at 14:1-14.  The Motion establishes the Sixth Cause of Action is subject to dismissal on the basis that it is barred by the Eleventh Amendment and qualified immunity, and that it is duplicative of Plaintiffs' other "due process" claims.  *See* Mot. at 14:1-14, 17:1—20:2.

The Opposition cites inapposite qualified immunity case law in response to Defendants' Eleventh Amendment argument.  *See* Opp'n at 6-9.  Moreover, Plaintiffs did not contradict that the Sixth Cause of Action is duplicative, but merely "reserved" their right to amend the Complaint.  *See*

---

[1] Plaintiffs also did not oppose Defendants' supplemental jurisdiction argument as to the Complaint's state law claims, assuming dismissal of the Complaint's federal law claims.  *See* Opp'n at 23:8-11.

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433  Fax 916-329-9050

Opp'n at 9:14-19.  In a similar fashion, Plaintiffs did not oppose dismissal of this claim on qualified immunity grounds.  *See* Opp'n at 14-16.  The Court must construe the absence of such opposition as Plaintiffs' concession that the Complaint's Sixth Cause of Action is subject to dismissal with prejudice.

### B. Plaintiffs' Opposition Forfeits Challenge to Dismissal of the Tenth and Eleventh Causes of Action.

The Tenth and Eleventh Causes of Action allege violations of constitutional procedural and substantive due process, respectively, via § 1983.  *See* Compl. at 41-43.  The Motion asserts that the Tenth and Eleventh Causes of Action are subject to dismissal based upon the Eleventh Amendment, qualified immunity, and ultimately Plaintiffs' overall failure to state a claim.  *See* Mot. at 14:15—20:2.

The Opposition refers to inapposite qualified immunity case law when addressing dismissal on Eleventh Amendment grounds.  *See* Opp'n at 6-9.  Plaintiffs also do not oppose Defendants' qualified immunity argument.  *See* Opp'n at 14-16.  The Opposition does not address any of the cases relied upon in the Motion on point which align with the issues and allegations in the Complaint.  *See* Motion at 14:15—20:2.  Instead, for example, Plaintiffs cite a dissenting opinion from Justice Brandeis and Texas case law.  *See* Opp'n at 12-14.  Lastly, the Opposition fails to provide any substantive opposition to several of Defendants' arguments.  *See* Opp'n at 10-14.

Plaintiffs cannot overcome the black-letter law governing the Eleventh Amendment bar to such claims against the District and Individual Defendants in their official capacities, and has failed to meet the burden of establishing the Individual Defendants are not entitled to qualified immunity.  *Brewster v. Bd. of Educ.*, 149 F.3d 971, 977 (9th Cir. 1998) (plaintiff "shoulders the burden of proving that the rights he claims are 'clearly established'" for purposes of qualified immunity); *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011).  Therefore, the Court should dismiss Plaintiffs' Tenth and Eleventh Causes of Action with prejudice (which would apply equally to the Complaint's overlapping Sixth Cause of Action).

### IV. THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION.

Each and all of Plaintiffs' state law claims in the Complaint are subject to dismissal, and the Opposition to fails to establish otherwise.

First, Plaintiffs did not provide any opposition to Defendants' arguments that their state law claims were barred by the Eleventh Amendment or as a result of the California Government Claims Act

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433  Fax 916-329-9050

("GCA"). *See* Mot. 20:3—21:24; Opp'n at 16-17. As to the Eleventh Amendment and Plaintiffs' state law claims for damages, Plaintiffs refer to inapplicable case law. *See* Opp'n at 16:5-17. As to the GCA, Plaintiffs turn to irrelevant federal case law. *See* Opp'n at 16:18-28, 17:1-23.

The end result is that Plaintiffs waive any opposition to the dismissal of the Complaint's state law claims on the grounds of the Eleventh Amendment or GCA.

**B.        Alternatively, the Court Should Dismiss Plaintiffs' State Law Causes of Action for Failure to State a Claim and/or on State Law Governmental Immunity Grounds.**

Notwithstanding Plaintiffs' waiver of opposition to the dismissal of the Complaint's state law claims described above, Plaintiffs' responses to the alternative grounds for dismissal of the state law claims—for failure to allege such claims and/or state law governmental immunities—also fall short.

**First Cause of Action—Breach of Fiduciary Duty**: Plaintiffs did not provide a substantive opposition. *See* Opp'n at 17:23-27; 18:1-6. The Court should dismiss the First Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Second Cause of Action—Breach of Implied Covenant of Good Faith**: Plaintiffs did not provide a substantive opposition. *See* Opp'n at 18:6-14. Thus, the Court should dismiss the Second Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Third Cause of Action—Constructive Fraud**: Plaintiffs cited inapposite and out-of-state, e.g. Maine, case law. *See* Opp'n at 18-20. Plaintiffs did not provide any facts or law about how their allegations established the elements of constructive fraud, particularly a fiduciary relationship and breach of duty. The Court should dismiss the Third Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Fourth Cause of Action—Conversion**: Plaintiffs provided no opposition that the confiscation of C.D.'s phone was wrongful. *See* Opp'n at 20:12-23. The confiscation was justified pursuant to California Education Code § 44807 and such confiscation would otherwise receive immunity, at a minimum, under California Government Code § 820.2 based upon discretionary acts. The Court should dismiss the Fourth Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Fifth Cause of Action—Duress**: Plaintiffs claimed there was a dispute of fact, yet they did not provide what fact necessarily alleged in the Complaint they disputed. *See* Opp'n at 20:24-28, 21:1-9.

The Court should dismiss the Fifth Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Seventh Cause of Action—Extortion**: Plaintiffs did not provide a substantive opposition. *See* Opp'n at 21:9-15. The Court should dismiss the Seventh Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Eighth Cause of Action—Infliction of Emotional Distress**: Plaintiffs did not refute Defendants' argument that they failed to establish a claim for infliction of emotional distress. *See* Opp'n at 21:16-27, 22:1-7. Rather, Plaintiffs provided their "belief and understanding" of the cause of action. *Id*. Complying with the State's school masking requirement is not an infliction of emotional distress. *See* Mot. at 25:2-8. The Court should dismiss the Eighth Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Ninth Cause of Action—Negligence**: Plaintiffs did not establish how their allegations established a breach of duty. *See* Opp'n at 22:8-27. They argue that kneeling on a person's neck causes similar breathing restrictions as wearing a mask. *See* Opp'n at 22:19-27. This analogy has no correlation to this case or the facts alleged in the Complaint or judicially noticeable facts. The Court should dismiss the Ninth Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Twelfth Cause of Action—Procedural Due Process under the California Constitution**: Plaintiffs did not provide a substantive opposition. *See* Opp'n at 23:1-7. The Court should dismiss the Twelfth Cause of Action for failure to state a claim and/or as barred by state law immunities.

**Thirteenth Cause of Action—Substantive Due Process under the California Constitution**: Plaintiffs did not provide a response at all for this cause of action. The Court should dismiss the Thirteenth Cause of Action for failure to state a claim and/or as barred by state law immunities.

Whether for the reasons set forth in Part IV.A. or IV.B., the Court should thus dismiss with prejudice all of Plaintiffs' state law claims, including First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Twelfth and Thirteenth Causes of Action.

///

///

## V. ASSUMING DISMISSAL OF THE SIXTH, TENTH AND ELEVENTH CAUSES OF ACTION, THE COURT SHOULD DISMISS ALL REMAINING STATE LAW CLAIMS REGARDLESS OF ANYTHING ELSE.

As set forth in the Motion (*see* Mot. at 26:8-20), following dismissal of the Complaint's federal law claims, the Court should exercise its discretion under 28 U.S.C. § 1367 and dismiss any remaining state law claims under the Complaint. The Opposition provides not response to this argument, and therefore concedes the point.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, Defendants respectfully request that the Court grant Motion in full and dismiss each cause of action in the Complaint and the Complaint overall, in full, with prejudice, and without leave to amend.

Dated:  May 12, 2022                    Respectfully submitted,

**LOZANO SMITH**

/s/ Sloan R. Simmons
SLOAN R. SIMMONS
MICHELLE L. CANNON
ALYSSA R. BIVINS
Attorneys for Defendants
ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, BOARD OF TRUSTEES OF THE RJUHSD,
JOHN BECKER, ANDREW TAGG, SCOTT E. HUBER, JULIE K. HIROTA, PETE CONSTANT, HEIDI J. HALL, BARBARA HUBER, MARLON GAYLE, Ed.D., and DESIRRE DELORGE

Defs.' Mem. Ps. & As. in Reply to Opp'n to Mot. to Dismiss Compl.    - 8 -    McGuire, et al. v. Roseville JUHSD, et al.
Case No. 2:22-CV-00125-TLN-JDP

# PROOF OF SERVICE

I, Rachelle Esquivel, declare that I am employed in the County of Sacramento California. I am over the age of 18 years and not a party to this action; my business address is 1 Capitol Mall, Suite 640, Sacramento, California, 95814. My email address is resquivel@lozanosmith.com.

On May 12, 2022, I served the following:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**

on each interested party in said cause, and as indicated below:

**[X]**  (*By Federal Express/Overnight Mail*) on all parties in said action by depositing a true and correct copy thereof in a sealed envelope/packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at Sacramento, California, and addressed as set forth below.

| | |
|---|---|
| Desiree McGuire<br>4625 Shade Tree Way<br>Antelope, CA 95843 | *Plaintiff, Pro Se* |
| Cadence DeVault<br>4625 Shade Tree Way<br>Antelope, CA 95843 | *Plaintiff, Pro Se* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 12, 2022, at Sacramento, California.

/s/ Rachelle Esquivel
Rachelle Esquivel