UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE MCGUIRE, *et al.*, | Case No. 2:22-cv-00125-TLN-JDP (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, *et al.*, | ECF No. 6 |
| Defendants. | |

Plaintiff Cadence DeVault was a student in the Roseville Joint Union High School District during the events in question; she and her mother, Desiree McGuire, proceed without counsel in this action under 42 U.S.C. § 1983. They claim that defendants violated their rights under the Fourteenth Amendment Due Process Clause and several California state laws by implementing and enforcing a regulation that required students to wear protective face coverings at school during certain portions of the COVID-19 pandemic. ECF No. 1. Defendants move to dismiss the complaint for failure to state a claim. ECF No. 6. I recommend that their motion be granted and that plaintiffs' complaint be dismissed with leave to amend.

**Legal Standard**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Background**

During the events in question, plaintiff Cadence DeVault was a student at Antelope High School, a school in the Roseville Joint Union High School District ("RJUHSD"); plaintiff Desiree McGuire is her mother. ECF No. 1.[1] Defendants include RJUHSD, several of its board members, and at least two school administrators. *Id.* Plaintiffs allege that on March 13, 2020, the RJUHSD school board suspended on-campus activities, and that on March 23, 2020, it suspended in-person meetings, instead providing a telephonic participation option to district residents. *Id.* at 12. They allege that prior to taking these actions, defendants failed to provide either adequate notice or an opportunity to be heard. *Id.* RJUHSD resumed on-campus classes on January 5,

---

[1] All facts are drawn from plaintiffs' complaint. Because I find it unnecessary to consider the additional materials submitted by defendants, I decline their request for judicial notice. ECF No. 6-2.

2

2021, and required that students wear protective face masks as a condition of on-campus attendance. *Id.* at 12 & 220. The mask requirement was implemented pursuant to a directive of the California Department of Public Health ("CDPH") that applied to every school in California. *See id.* at 217-20, 251, & 253-57. It exempted any student who provided a physician's note documenting "a medical condition, mental health condition, [or] disability that prevents wearing a mask." *Id.* at 255.

On at least three occasions in January 2021, DeVault's teachers or her assistant principal, defendant Gayle, instructed her to wear a mask that complied with the district's mask policy. *Id.* at 13-15. In one instance, DeVault explained to her teacher that the mask "made her feel anxious, dizzy to the point of passing out, and . . . trapped, as if a panic attack were about to start." *Id.* at 13. After the second incident, Gayle emailed plaintiff McGuire to explain that DeVault was required to wear a compliant mask to attend on-campus school. *Id.* McGuire responded on January 19, informing Gayle that DeVault "will wear the mask they feel most comfortable wearing" and provided reports that purported to show "the ineffectiveness of masks and the health concerns related to prolonged wearing of masks." *Id.* The following day, Gayle entered DeVault's classroom, "smacked his hand on DeVault's desk, and said, 'I need you to come with me.'" *Id.* at 14. In the assistant principal's office, Gayle's secretary confiscated DeVault's phone and instructed her to complete a form entitled "Sworn Statement of Witness in Lieu of Testimony at Hearing"; the secretary requested an explanation of why DeVault refused to wear an appropriate mask. *Id.* That day, Gayle contacted McGuire and informed her that DeVault would be required to attend school remotely if she did not comply with the on-campus mask policy. *Id.* After McGuire had picked DeVault up from school, Gayle sent an email to McGuire and to DeVault's teachers informing them that DeVault "will be working from home for the rest of the semester, or until she decides to comply with the CDPH guidelines." *Id.*

The following summer, after parents asked that RJUHSD suspend mask rules, the school board sent a letter to the California Health and Human Services Agency requesting authority to "adjust or relax future regulations and mandates based upon local conditions and transmission rates." *Id.* at 16. Nevertheless, in August 2021, the district superintendent John Becker

communicated that RJUHSD "will be enforcing mask mandates for the 2021-22 school year." *Id*. Plaintiffs appear to allege that this decision was influenced by American Rescue Plan Act funds, the provision of which is alleged to have been conditioned on enforcement of mask mandates. *Id*. at 17.

Plaintiffs supply an affidavit by "an expert in the field of Industrial Hygiene" that purports to dispute the efficacy of face coverings as a means of preventing the transmission of COVID-19. *See id*. at 4-7. They also claim that "the mask is an experimental requirement violating the Nuremberg Code, requiring full disclosure of risks and benefits of wearing the mask." *Id*. at 13. They do not provide documentation of a medical condition that would exempt plaintiff DeVault from the school mask requirement or allege that they provided such documentation to defendants.

Plaintiffs allege that defendants' actions violated their substantive and procedural due process rights as well as various California laws. Defendants move to dismiss all claims for failure to state a claim and on the basis of qualified immunity. ECF No. 6. I agree that the complaint fails to state either a substantive or procedural due process claim. I recommend that those claims be dismissed and that the court decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

**Discussion**

**A.    Claims Against RJUHSD and Official-Capacity Defendants**

Plaintiffs' Fourteenth Amendment Due Process Clause claims are brought under 42 U.S.C. § 1983 against the RJUHSD and against all defendants in both their official and personal capacities. *See* ECF No. 1 at 30, 41, & 43. The RJUHSD and its board of trustees are state agencies immune from suits for damages under the Eleventh Amendment. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (holding that § 1983 damages claims against a California public school district are barred by the Eleventh Amendment). Because the individual defendants are RJUHSD school board members or school administrators, they are similarly immune from suit for damages in their official capacities. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) ("[T]he Eleventh Amendment[] bar[s] . . . claims in federal court against the state officials in their *official* capacities.") (emphasis in original); *see also Everett H*.

4

*v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1179 (E.D. Cal. 2014) (holding that damages claims against public school district administrators are barred by Eleventh Amendment immunity).

Such claims cannot be saved by plaintiffs' request for prospective relief because plaintiffs fail to allege that they remain subject to the complained-of policies. The complaint states that plaintiff DeVault is an adult individual who resides within RJUHSD, but it is silent as to whether DeVault will be attending a school in the district for 2022-2023 school year, and it alleges that she was caused to miss the "2022 Senior Ball," suggesting that she might have graduated and so might no longer be attending high school. ECF No. 1 at 20. The complaint also fails to allege that the masking policy remains in effect for the 2022-2023 school year. *See Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (holding that "the mere possibility that California might again suspend in-person instruction is too remote" for injunctive-relief claims to avoid being dismissed as moot). Plaintiffs' claims for equitable relief are therefore moot, and plaintiffs can proceed only on their claims for damages against the individual defendants in the defendants' personal capacities. I address those claims next.

**B.     Individual-Capacity Substantive Due Process Claims**

Plaintiffs claim that defendants' implementation of the mask requirement at Antelope High School violated their substantive due process rights under the Fourteenth Amendment. ECF No. 1 at 43.[2] The "substantive component" of the "Fourteenth Amendment's guarantee of 'due process of law' . . . forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). Thus, a "[s]ubstantive due

---

[2] Plaintiffs also allege violations of the Fifth Amendment Due Process clause. *See* ECF No. 1 at 30 & 41. Since that clause does not restrain state and local officials, I will construe such claims as alleging Fourteenth Amendment violations. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government."); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

5

process analysis must begin with a careful description of the asserted right." *Id.*

Plaintiffs argue that DeVault possesses a "fundamental right to a public education . . . in a safe and healthy environment" that defendants infringed by requiring her to wear a mask that made it harder to breathe. ECF No. 1 at 43. They imply that this right extends to McGuire, insofar as her role as DeVault's parent or guardian accords her a fundamental right to direct her daughter's education. *Id*.

Neither plaintiff has such a fundamental right. "Public education is not a 'right' granted to individuals by the Constitution." *Plyler v. Doe*, 457 U.S. 202, 221 (1982); *see also Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 880 (9th Cir. 2011) (en banc) (noting that there is "no enforceable federal constitutional right to a public education"). "While parents may have a fundamental right to decide *whether* to send their child to a public school, they do not have a fundamental right generally to direct *how* a public school teaches their child." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005) (quoting *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 395-96 (6th Cir. 2005)) (emphasis in original). "Due process does not give parents the right to interfere with a public school's operations because issues such as school discipline, the content of examinations, and dress code are issues of public education generally committed to the control of state and local authorities." *McNeil v. Sherwood Sch. Dist. 88J*, 918 F.3d 700, 711 (9th Cir. 2019) (internal citations and quotation marks omitted).

In light of these precedents, courts have consistently held that neither parents nor students possess a fundamental right against the various actions taken by states and public-school administrators to mitigate the spread of COVID-19, such as temporary remote-learning arrangements and mask requirements for in-person learning. *See Branch-Noto v. Sisolak*, 576 F. Supp. 3d 790, 799 (D. Nev. 2021) ("[T]he right to parent as one sees fit does not entitle parents to undermine local public-health efforts during a global pandemic by refusing to have their children comply with a school mask requirement, particularly when they've affirmatively chosen that option over the maskless, distance-learning alternative that [the district] also made available."); *Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*, 577 F. Supp. 3d 1141, 1155-56 (D. Or. 2021); *Guilfoyle v. Beutner*, No. 2:21-CV-05009-VAP (MRWx), 2021 WL 4594780, at *17 n.8 (C.D.

Cal. Sept. 14, 2021).[3]

Since plaintiffs fail to allege a violation of a fundamental right, the RJUHSD mask requirement is analyzed under rational basis review. *See Gunter*, 577 F. Supp. 3d at 1155-56. Under rational basis review, courts ask only whether defendants' action "bears a rational relation to a legitimate government objective." *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 461-62 (1988). Laws reviewed under this standard, including rules passed by a school board, are presumed valid. *Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198 (1979).

Federal courts have consistently held that both distance learning and mask requirements implemented in response to the COVID-19 pandemic satisfy this deferential standard, particularly where, as here, the requirements were implemented pursuant to public health directives of state and national authorities. *See Guilfoyle*, 2021 WL 4594780, at *14 (finding "a legitimate interest in abating the COVID-19 pandemic" and that "LAUSD's COVID-19 mitigation measures are related rationally to that legitimate interest because they are consistent with local, state, and national public health orders"); *Branch-Noto*, 576 F. Supp. 3d at 802 ("[I]t cannot be said that the masking policies are not rationally related to the legitimate government interest of slowing the spread of COVID-19."). Plaintiffs' assertions that masks are ineffective against the virus and cause harmful side effects, including by inhibiting breathing, are insufficient to demonstrate that defendants lacked a rational basis for the requirement's implementation. *See Forbes v. Cnty. of San Diego*, No. 20-CV-00998-BAS-JLB, 2021 WL 843175, at *5 (S.D. Cal. Mar. 4, 2021) (explaining that plaintiff's "contentions disputing the scientific basis for the Mask Rules are

---

[3] According to plaintiffs' allegations, the mask requirement was not an absolute mandate, but rather a condition of attending school in-person; DeVault was given a choice either to wear a compliant mask while at school or to attend school remotely, in which case she would not be required to wear a mask. ECF No. 1 at 16. But even if I were to construe the right at issue more broadly—for instance, as an invasion of plaintiff DeVault's right to breathe freely or, as plaintiffs suggest, as a "violati[on of] the Nuremburg Code," ECF No. 1 at 13—plaintiffs' claims would still be without merit. *See Denis v. Ige*, 538 F. Supp. 3d 1063, 1080-81 (D. Haw. 2021) (dismissing a substantive due process challenge to a state-wide mask mandate, since "'the right to breathe oxygen without restriction' is not a fundamental right"); *Ward v. Schaefer*, No. CV 16-12543-FDS, 2021 WL 1178291, at *27 (D. Mass. Mar. 29, 2021) (dismissing a claimed violation of "due process rights as set forth in the Nuremburg Code," since "there is no private right of action for violations of the Nuremberg Code").

simply not enough to state a plausible clam that the rules are not rationally related to a legitimate government interest").

### C. Procedural Due Process

Plaintiffs allege that defendants violated their procedural due process rights insofar as they (1) disciplined DeVault "without notice and an opportunity for a fair hearing," (2) refused to let DeVault "communicate to [McGuire] before signing a legally binding document," and (3) implemented the mask policy because of a "financial incentive" and without providing the public "notice or meaningful opportunity to be heard." ECF No. 1 at 31, 42, & 44.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a procedural due process claim, a plaintiff must show: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (citations omitted). "Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

Students have a "property interest . . . protected by the Due Process Clause" when, "on the basis of state law, . . . [they have] legitimate claims of entitlement to a public education." *Goss*, 419 U.S. at 574. However, other than being required to attend school remotely, plaintiff DeVault does not allege that she was deprived of her entitlement to public school in any way. Plaintiffs do not identify a state-law entitlement to in-person attendance or offer any authority showing that mandatory remote learning entails a deprivation of a property interest. *Cf. id* (holding that a ten-day suspension is a Constitutionally protected deprivation); *W.D. v. Rockland Cnty.*, 521 F. Supp. 3d 358, 386, 395 (S.D.N.Y. 2021) (explaining that because "property rights are created by state law," state regulations deprived plaintiffs of "any legitimate claim of entitlement to send their children to school without being vaccinated" against COVID-19).

Even if requiring DeVault to attend school remotely amounted to a deprivation of a property interest, plaintiffs' allegations do not establish that defendants deprived them of adequate procedural safeguards. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Wynar v. Douglas Cnty. Sch. Dist.*, 728 F.3d 1062, 1073 (9th Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). For short-term suspensions from grade school, informal notice and hearing procedures are sufficient to satisfy due process, even when such procedures fail to adhere to state or local regulations. *See Wynar*, 728 F.3d at 1073 (dismissing procedural due process claim where school administrators met informally with student-plaintiff before issuing a ten-day suspension, despite a lack of compliance with district's procedural regulations).[4] Moreover, "summary administrative action may be justified 'where, as here, it responds to situations in which swift action is necessary to protect the public health and safety.'" *Page v. Cuomo*, 478 F. Supp. 3d 355, 371 (N.D.N.Y. 2020) (quoting *Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299-00 (1981)).

Here, defendant Gayle notified McGuire—and solicited a response—twice by email and once by phone before barring DeVault from in-person attendance, ECF No. 1 at 14-15 & 241-42; and both Gayle and an instructor directly notified DeVault at least three times that her mask was inappropriate for on-campus attendance, *id.* at 13-15. In a January 2015 email to both DeVault and McGuire, Gayle warned that if DeVault "fail[s] to wear a proper mask at school . . . again, [she] will have to Zoom into class from home." *Id.* at 239. On January 20, before defendant Gayle removed DeVault from campus, he provided DeVault a blank form to make a statement "in lieu of testimony at a hearing" regarding her unwillingness to comply with the school mask requirement. *Id.* at 244. Thus, plaintiffs were accorded notice and an opportunity to be heard—however informally—before defendants took any adverse action, and plaintiffs provide no support for their claim that such process was Constitutionally inadequate.[5]

---

[4] Requiring plaintiff to work remotely might not rise to the level of a short-term suspension. But in the absence of direct authority, cases discussing the procedures required for a short-term suspension are useful analogues.

[5] Plaintiffs also fail to explain why the Constitution required that DeVault be granted an

Plaintiffs' argument that defendants failed to provide either adequate notice, an opportunity to be heard, or an opportunity for public discussion before implementing the mask requirement is similarly meritless. Defendants implemented the requirement pursuant to a directive issued by the California Department of Public Health ("CDPH"), which applied to every school in California. *See* ECF No. 1 at 219, 251, & 253-57. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1261 (9th Cir. 1994). In the context of school-board decisions, even a failure to comply with procedural regulations in setting policy does not give rise to a due process violation. *See Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 441 (9th Cir. 2008) ("[A]lthough it might be preferable for schools to seek parental approval before instituting controversial school policies, and it might be a violation of state law for schools not to do so if a local statute or regulation so dictates, the Due Process Clause in no way requires this."). Thus, courts have widely rejected procedural due process challenges to school mask policies like the one at issue here. *See, e.g.*, *Gunter*, 577 F. Supp. 3d at 1160-61; *Branch-Noto*, 576 F. Supp. 3d at 803. Accordingly, plaintiffs' procedural due process claims should be dismissed.[6]

---

opportunity to contact McGuire prior to giving her statement. *See* ECF No. 1 at 31 & 42. They allege that defendants violated their rights by confiscating DeVault's cell phone and by refusing to grant her request to speak with McGuire before completing the witness statement form on January 20, 2021. Plaintiffs may be attempting to make out a claim for interference with familial association under the Fourteenth and Fourth Amendments. *See Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000) ("[T]he same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children."); *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001). Those precedents "establish procedural guarantees for 'intruding on a parent's custody of her child,'" such as when Child Protective Services or the police forcibly remove children from a parent's custody. *Branch-Noto*, 576 F. Supp. 3d at 802 (quoting *Mabe*, 237 F.3d at 1106 (9th Cir. 2001)). Where, as here, a minor is voluntarily placed in the custody of the school, the familial-association doctrine "ha[s] no application." *Id.* (dismissing a claim alleging that the enforcement of a school's mask mandate interfered with the plaintiff's right to familial association).

[6] Because I find that plaintiffs fail to state a claim under § 1983, I need not address defendants' qualified immunity defense.

**D.     State Law Claims**

Plaintiffs' ten remaining claims arise under state law. *See* ECF No. 1. The complaint does not establish diversity of citizenship, and, as discussed above, plaintiffs have yet to allege a cognizable federal claim. *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Consequently, there is no reason to exercise supplemental jurisdiction over plaintiffs' state law claim, and those claims should also be dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

**Conclusion**

For the reasons above, I recommend that defendants' motion to dismiss be granted. Since plaintiffs might be able to cure the complaint's deficiencies through amendment, I recommend that the court grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants an opportunity to amend if it appears possible that they can correct the deficiencies in their complaints).

Accordingly, it is hereby recommended that defendants' motion to dismiss, ECF No. 6, be granted and the complaint, ECF No. 1, be dismissed with leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28

U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __September 7, 2022__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE