Sloan R. Simmons, SBN 233752
Michelle L. Cannon, SBN 172680
Dylan C. Marques, SBN 328987
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone:     (916) 329-7433
Facsimile:     (916) 329-9050

Attorneys for Defendants
ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT,
BOARD OF TRUSTEES OF THE RJUHSD, JOHN BECKER,
ANDREW TAGG, SCOTT E. HUBER, JULIE K. HIROTA,
PETE CONSTANT, HEIDI J. HALL, BARBARA HUBER,
MARLON GAYLE, Ed.D., DESIRRE DELORGE, and
JESS BORJON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE McGUIRE, a private person; and CADENCE DeVAULT (C.D.); and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 2:22-CV-00125-TLN-JDP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**<br><br>**(Fed. R. Civ. P. 12(b), 12(f))**<br><br>Date:              January 19, 2023<br>Time:             10:00 a.m.<br>Courtroom:     9, 13th Floor<br>Magistrate Judge:   Hon. Jeremy D. Peterson<br><br>Action Filed:  Jan. 20, 2022<br>Judge:          Hon. Troy L. Nunley |

Defs.' Mem. Ps. & As. in Reply to Resp. to Mot. to Dismiss FAC

McGuire, et al. v. Roseville JUHSD, et al.
Case No. 2:22-CV-00125-TLN-JDP

**INTRODUCTION**

On November 14, 2022, Defendants filed a Motion to Dismiss ("Motion") Plaintiffs' First Amended Complaint ("FAC").[1] As described in the Motion, each and all of the FAC's claims are subject to dismissal, whether due to doctrine under the Eleventh Amendment, the failure to state a claim, qualified immunity, the California Government Claims Act, and various other grounds, including mootness due to the fact that Plaintiff Cadence DeVault ("C.D.") is no longer and will never again be a student of the District.

On January 4, 2023, Plaintiffs filed their Response to the Motion ("Response"). The Response fails to successfully refute the grounds for dismissal set forth in the Motion. In fact, the Response confirms that C.D. is no longer and will never again be a student of the District and that the mask mandate is no longer in effect. These admitted facts confirm that there is no basis for Plaintiffs to plausibly state a claim for prospective equitable relief under § 1983, the primary basis upon which the Court previously granted Plaintiffs leave to amend following the granting of Defendants' Motion to Dismiss the original Complaint. Moreover, as with the first go around, case law recited by Plaintiffs is of no application or import. The Court should thus grant Defendants' Motion in full and dismiss all claims and the FAC with prejudice, without leave to amend.

**ARGUMENT**

**I. THE FEDERAL LAW CLAIMS ARE SUBJECT TO DISMISSAL AS TO THE DISTRICT, BOARD, AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**

Because the individual defendants are school board members or school administrators, they are immune from suit for damages in their official capacities. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir. 1992) ("[T]he Eleventh Amendment[] bar[s] . . . claims in federal court against the state officials in their *official* capacities.") (emphasis in original); *see also Everett H. v. Dry Creek Joint Elementary Sch. Dist.,* 5 F.Supp.3d 1167, 1179 (E.D. Cal. 2014) (holding that damages claims against public school district administrators are barred by Eleventh Amendment immunity)

///

---

[1] Defendant Borjon, following recent service of summons upon him by Plaintiffs, joined in the Motion on December 13, 2022.

As noted in the Magistrate Judge's Findings and Recommendations, filed September 7, 2022—and adopted by the Court—the federal law claims cannot be saved by Plaintiffs' request for prospective relief under *Ex Parte Young*, 209 U.S. 123 (1908), because Plaintiffs failed to allege that they remain subject to the complained-of COVID-19 policies. Again here, under the FAC and judicially noticeable facts, C.D. is not currently enrolled by the District, and she has not been enrolled in the District since May 27, 2021. FAC ¶ 2; Defs.' Request for Jud. Not. in Supp. of Mot. ("RJN"), Ex. C. Moreover, C.D. did not attend her senior year of high school within the District for the 2021-2022 school year, which caused her to miss the 2022 Senior Ball and walking for her graduation. FAC ¶¶ 118, 205, 271, 378-79, 427-28, 466-67, and 480. For the 2022-2023 school year, the District changed its face covering policy to incorporate the CDPH's new guidance, which only recommends, and does not require, that students wear a mask while on campus. RJN, Ex. D at 9. **In the Response, Plaintiffs admit that C.D. was removed from enrollment on August 10, 2021 and that the mask mandate is no longer effective.** Response at 6:10-15, 9:13-15.

Plaintiffs cite inapposite case law to argue that Defendants purported improperly mooted the case. Response at 9:13—10:3. The mask mandate was implemented by the State and ended by the State. Defendants have no control over the State's mask mandate. Furthermore, Defendants had no control over C.D.'s enrollment with the District. Plaintiffs chose to disenroll C.D. after realizing the mask mandate would still be in effect for the 2021-2022 school year. Response at 6:10-15.

Thus, while claims for damages against the District, Board, and the Individual Defendants in their official capacities are barred by the Eleventh Amendment, any claims for prospective equitable relief via the federal causes of action are barred for failure state a claim, whether as a matter of standing, mootness, or otherwise.

## II. THE FAC'S FEDERAL LAW CLAIMS SHOULD BE DISMISSED AS TO ALL DEFENDANTS IN ALL CAPACITIES FOR FAILURE TO STATE A CLAIM.

Plaintiffs cite inapposite case law and a vague right to breathe clean air to support their arguments against the Motion. Response at 10:4—14:17. This case law does not rebut and fails in the face of the extensive analysis and authorities set forth in Defendants' Motion on this point. *See* Defs.'

Mem. in Supp. of Mot. ("Defs.' Mem.") at 16:4—18:28.  As such, the Court should dismiss the FAC's federal law claims as to all Defendants in all capacities for failure to state a claim.

### III. THE FAC'S FEDERAL LAW CLAIMS SHOULD BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS IN THEIR PERSONAL CAPACITIES ON THE BASIS OF QUALIFIED IMMUNITY.

The Response alleges that Defendants waived and/or forfeited their Eleventh Amendment immunity via the District's acceptance of federal funding.  Response at 14:18—17:3.  However, Plaintiffs do not provide any proper legal authority to support this flawed position.  Namely, Eleventh Amendment immunity to claims for damages via § 1983 for alleged constitutional violations is not subject to waiver, as would be the case for claims under laws enacted by Congress under the Spending Clause, assuming express statutory confirmation of the intended waiver.  *See, e.g.*, *Oskowis v. Ariz. Dept. of Ed.*, Case No. CV-17-08215-PCT-JJT, 2018 WL 3773937, *4 (D. Ariz. Aug. 9, 2018).

The Response otherwise fails altogether to satisfy Plaintiffs' "burden of proving that the rights he claims are 'clearly established.'"  *Brewster v. Bd. of Educ.*, 149 F.3d 971, 977 (9th Cir. 1998); *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011); see Defs.' Mem. at 19:1—21:28.

As such, regardless of anything else, the federal law claims should be dismissed as to the Individual Defendants in their personal capacities on the basis of qualified immunity.

### IV. THE FAC'S STATE LAW CLAIMS ARE SUBJECT TO DISMISSAL PURSUANT TO THE ELEVENTH AMENDMENT.

The Response again asserts that Defendants waived and/or forfeited their Eleventh Amendment immunity relative to state law claims for damages asserted in this federal court action as the result of the District's acceptance of federal funding.  Response at 17:4-25.  However, Plaintiffs do not provide any proper legal authority to support this flawed allegation.  *See also* Part III., *supra*.  As such, the FAC's state law claims are subject to dismissal pursuant to the Eleventh Amendment.

### V. PLAINTIFFS ACKNOWLEDGE THEIR NON-COMPLIANCE WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT.

Plaintiffs' state law claims are barred due to Plaintiffs' failure to comply with the California Government Claims Act ("GTCA") (Cal. Govt. Code § 900 *et seq.*).  Plaintiffs admit their failure to comply with the GTCA.  Response at 18:3-4, 18-19.  Their argued-for excuses for failing to timely file a claim are not valid.  They filed a tort claim with the City of Roseville and received a notice of rejection

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433 Fax 916-329-9050

from the City of Roseville. Plaintiffs never presented a claim to the District and have not alleged as such. Thus, all of the FAC's state law claims are subject to dismissal for failure to comply with the GTCA. *See* Defs.' Mem. at 22:21—23:21.

## VI. THE FAC'S STATE LAW CLAIMS SHOULD ALL BE DISMISSED AS TO ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM.

Each and all of Plaintiffs' state law claims in the FAC are subject to dismissal, and the Response fails to establish otherwise. Plaintiffs state in conclusory fashion that "facts remain in dispute for a trier of fact (jury) to determine" and "require discovery" to prove facts. Response at 19:3—23:17. By doing so, Plaintiffs essentially waive any opposition to the dismissal of the state law claims. As such, the state law claims should all be dismissed for failure to state a claim. *See* Defs.' Mem. at 23:22—26:6.

## VII. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE FAC'S STATE LAW CLAIMS.

Plaintiffs' reasoning for why the Court should exercise supplemental jurisdiction is a rehash of why the Court should not dismiss their state law claims. Response at 23:18—24:6. Thus, if the Court does not grant the Motion as to dismissal of the state law claims for the reasons discussed in Parts V. and VI., *supra*, it should refuse to exercise supplemental jurisdiction over said state law claims.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, Defendants respectfully request that the Court grant the Motion in full and dismiss each cause of action in the FAC and the FAC overall, in full, with prejudice, and without leave to amend.

Dated: January 11, 2023                Respectfully submitted,

**LOZANO SMITH**

/s/ Sloan R. Simmons
SLOAN R. SIMMONS
MICHELLE L. CANNON
DYLAN C. MARQUES
Attorneys for Defendants
ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT, BOARD OF TRUSTEES OF THE RJUHSD, JOHN BECKER, ANDREW TAGG, SCOTT E. HUBER, JULIE K. HIROTA, PETE CONSTANT, HEIDI J. HALL, BARBARA HUBER, MARLON GAYLE, Ed.D., DESIRRE DELORGE, and JESS BORJON

**PROOF OF SERVICE**

I, Rachelle Esquivel, declare that I am employed in the County of Sacramento California. I am over the age of 18 years and not a party to this action; my business address is 1 Capitol Mall, Suite 640, Sacramento, California, 95814. My email address is resquivel@lozanosmith.com.

On January 11, 2023, I served the following:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**

on each interested party in said cause, and as indicated below:

[X]   (*By Federal Express/Overnight Mail*) on all parties in said action by depositing a true and correct copy thereof in a sealed envelope/packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at Sacramento, California, and addressed as set forth below.

| | |
|---|---|
| Desiree McGuire<br>4625 Shade Tree Way<br>Antelope, CA 95843 | *Plaintiff, Pro Se* |
| Cadence DeVault<br>4625 Shade Tree Way<br>Antelope, CA 95843 | *Plaintiff, Pro Se* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 11, 2023, at Sacramento, California.

/s/ Rachelle Esquivel
Rachelle Esquivel